**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HOLLY MCCAFFREY<br>311 Stratford Road<br>Glenolden, PA 19036<br><br>    Plaintiff,<br><br>    v.<br><br>PIAZZA HYND CORP.<br>d/b/a Piazza Hyundai of West Chester<br>1360 Wilmington Pike<br>West Chester, PA 19382<br>    and<br>PIAZZA MANAGEMENT COMPANY<br>d/b/a Piazza Auto Group<br>401 S. Schuylkill Ave.<br>Norristown, PA 19403<br><br>    Defendants. | CIVIL ACTION<br><br>No.:<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, Holly McCaffrey, by and through her undersigned counsel, hereby avers as follows:

### I.    INTRODUCTION

1.    Plaintiff has initiated this action to redress violations by Piazza Hynd. Corp d/b/a Piazza Hyundai of West Chester and Piazza Management Company d/b/a Piazza Auto Group (hereinafter collectively referred to as "Defendants") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.), the Family and Medical Leave Act ("FMLA" – 29 U.S.C. § 2601 et. seq.) and the Pennsylvania Human Relations Act

("PHRA").[1] Plaintiff asserts, *inter alia*, that she was discriminated against and unlawfully terminated by Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## II.   JURISDICTION AND VENUE

2.   This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.   This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.   Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.   Plaintiff is proceeding herein under the ADA and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA.

### III.  PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Piazza Hynd. Corp is a corporation that does business as Piazza Hyundai of West Chester – a car dealership and service center located at the above-captioned address.

9. Piazza Management Company d/b/a Piazza Auto Group is a company that owns, operates and manages several car dealerships throughout Pennsylvania, including the car dealership and service center that Plaintiff was employed with – Defendant Piazza Hynd. Corp.

10. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, shared advertising and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV.  FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff worked for Defendants for a period of several years, with a break between continued employment.

14. During her last period of work for Defendants, Plaintiff was in the position of Service Advisor from approximately October 28, 2019 through July 25, 2020.

15. At all times relevant to this action, Plaintiff reported directly to Michael Rhodes (Service Manager) and indirectly to Sam Elters (General Manager).

16. As a Service Advisor, Plaintiff worked full-time with Defendants and often worked well in excess of 50 hours per week.

17. Throughout her employment with Defendants, Plaintiff was a hard-working employee who performed her job very well and received consistently positive feedback and praise.

18. Plaintiff has suffered from Multiple Sclerosis ("MS") for many years. As a result of her condition, Plaintiff suffers from symptoms which limit her ability (at times) to perform some daily life activities, including, but not limited to, walking, standing, breathing, lifting and working at times. Furthermore, at times, Plaintiff suffers from very serious flare-ups, complications, and pain as a result of her MS.

19. Despite her aforementioned health condition and limitations, Plaintiff was still able to perform the essential duties of her job well with Defendants; however, Plaintiff did require reasonable medical accommodations at times, including very minimal intermittent time off from work for doctor appointments and when she was unable to work due complications associated with her MS (discussed *infra*).

20. In the summer of 2020, Plaintiff began having complications related to her MS. Plaintiff kept her relevant management, including Mr. Rhodes and Mr. Elters, informed of her condition, complications and need for intermittent time off from work to treat and care for her condition.

21. In approximately mid-July 2020 (while at work), Plaintiff began suffering from serious spasms, lack of ability to breath, and extreme muscle tightening related to her MS condition. Plaintiff was taken from work by ambulance to a hospital.

22. Following this flare-up, Plaintiff missed approximately 1-2 days of work (inclusive of the partial day leaving work). Plaintiff's management was well aware of her condition and the reason for her most recent flare-up that occurred while Plaintiff was at work.

23. Although Plaintiff was eligible for FMLA, at no point in time when Plaintiff required intermittent time off from work to care for and treat for her aforesaid health conditions did Defendants' management ever inform Plaintiff of her individualized FMLA rights, as required by the FMLA. Therefore, Defendants failed to follow proper notice, designation, and informational regulations of the FMLA.

24. On or about July 25, 2020, in very close proximity to Plaintiff having a flare-up while at work and requiring brief intermittent time off due to her MS and associated complications, Plaintiff was abruptly terminated by Defendants with no prior warning.

25. Plaintiff was offered no legitimate reason for her termination, and she was informed by Mr. Rhodes that the business had decided to go "in a different direction." Upon leaving, Mr. Elters apologized to Plaintiff for her termination and said he would be a great reference for Plaintiff if needed.

26. Defendants' purported reason for Plaintiff's termination is completely false and pretextual as Plaintiff was a good performer, had never received discipline and had only ever missed minimal intermittent days from work for health reasons (far less than others who took other time off other reasons). Moreover, upon information and belief, Plaintiff was replaced immediately following her termination. Based upon the timing and pretextual nature of

Plaintiff's termination, there is no question that Plaintiff was terminated for discriminatory and retaliatory reasons related to Plaintiff's actual or perceived disabilities and need for reasonable accommodations (time off).

27. Plaintiff believes and therefore avers that she was terminated because of (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requested accommodations; (4) Defendants' failure to properly accommodate Plaintiff; and (5) based upon her need for FMLA-qualifying time off.

## COUNT I
### Violation of the Americans with Disabilities Act, as amended (ADA)
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)
-Against All Defendants-

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities.

30. Plaintiff kept Defendants' management informed of her serious medical conditions and need for medical treatment and other accommodations.

31. Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendants; however, Plaintiff did require reasonable accommodations at times.

32. Plaintiff requested reasonable accommodations from Defendants, including but not limited to intermittent leave to for doctors' visits and to care for her aforesaid health conditions when she was experiencing a flare-up.

33. Plaintiff was abruptly terminated from her employment with Defendants in close proximity to her requests for/utilization of reasonable accommodations, i.e. intermittent medical leave, and very shortly after experiencing a flare-up in her condition while at work in mid-July of 2020 and requiring approximately 1-2 days off from work following this incident.

34. Plaintiff believes and therefore avers that she was terminated from her employment with Defendants because of: (1) her actual and/or perceived health problems; (2) her record of impairment; (3) her requested accommodations; and/or (4) Defendants' failure to properly accommodate her.

35. These actions aforesaid constitute violations of the ADA.

**Count II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**
**-Against All Defendants-**

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

38. Plaintiff requested intermittent leave from Defendants due to her serious health conditions.

39. Plaintiff worked for Defendants for several years, and Plaintiff had at least 1,250 hours of service with Defendants in 2020.

40. Defendants are engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

41.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

42.     Plaintiff provided appropriate notice to Defendants of her need for FMLA-qualifying intermittent leave in 2020.

43.     Defendants committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs in making the decision to terminate her; (3) failing to inform Plaintiff of her individualized FMLA rights, which constitutes a failure to follow proper notice, designation, and information regulations of the FMLA; (4) terminating Plaintiff to intimidate her and/or prevent her from taking FMLA-qualifying leave in the future; (5) by taking actions towards Plaintiff that would dissuade a reasonable person from exercising her rights under the FMLA; and (6) failing to designate Plaintiff's requests for intermittent time off for her health conditions as FMLA-qualifying or FMLA protected leave.

44.     These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive and liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation where applicable); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

        Respectfully submitted,

        **KARPF, KARPF & CERUTTI, P.C.**

By: _____
      Ari R. Karpf, Esq.
      Julia W. Clark, Esq.
      3331 Street Rd.
      Bldg. 2, Ste. 128
      Bensalem, PA 19020

Date: December 29, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Holly McCaffrey | : | CIVIL ACTION |
| v. | : | |
| Piazza Hynd Corp. d/b/a Piazza Hyundai of West Chester, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 12/29/2020 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __311 Stratford Road, Glenolden, PA 19036__

Address of Defendant: __1360 Wilmington Pike, West Chester, PA 19382; 401 S. Schuylkill Avenue, Norristown, PA 19403__

Place of Accident, Incident or Transaction: __Defendants place of business__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/29/2020__  _____(signature)_____  __ARK2484 / 91538__
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
   *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __12/29/2020__  _____(signature)_____  __ARK2484 / 91538__
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MCCAFFREY, HOLLY

**DEFENDANTS**
PIAZZA HYND CORP. D/B/A PIAZZA HYUNDAI OF WEST CHESTER, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury / 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability |  / 380 Other Personal Property Damage | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 864 SSID Title XVI | 890 Other Statutory Actions |
|  |  | 790 Other Labor Litigation | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** |  | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence |  |  | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  |  | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** |  |  |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application |  |  |
|  | 448 Education / 550 Civil Rights | 465 Other Immigration Actions |  |  |
|  |  / 555 Prison Condition |  |  |  |
|  |  / 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY *(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE: 12/29/2020
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

Print | Save As... | Reset